72 U.S. 791
 18 L.Ed. 606
 5 Wall. 791
 O'NEAL
v.
KIRKPATRICK.
 December Term, 1866
 
 THIS was an ejectment in the Circuit Court of the United States for the District of California, to recover a lot of land situate on the margin of the bay of San Francisco, within five miles of the city, below ordinary high-water mark, and which contained about forty acres of land under water, but which could be easily reclaimed, and, by the natural growth of the city, would soon become a part of it. The plaintiff claimed title under a certificate of purchase from the State, dated 23d February, 1864, and which purported to have been issued by the register of the land office, under two acts of the legislature, passed April 21st, 1858, and May 13th, 1861.
 The question in the case turned upon the power of the register to grant, or, in other words, on the authority to make the sale of the premises. The act of 1858 provided for the sale of the 'swamp and overflowed' lands of the State. But the lands in question, as described in the certificate, were 'salt-marsh and tide lands,' not within the class or designation of the act. The other act, passed May 13th, 1861, was entitled 'An act to provide for the reclamation and segregation of the swamp and overflowed and salt-marsh and tide lands donated to the State of California by act of Congress.' It contained an elaborate system for reclaiming 'swamp and overflowed' lands in the State, under the supervision and control of commissioners. Section twenty-sixth provided for the sale of these lands, and section twenty-seventh enacted that 'the provisions of this act shall apply equally to all salt-marsh or tide lands in the State, as to swamp and overflowed.' If the case had rested here, the authority to make the sale would seem to have been undoubted. But the same legislature passed an act the next day (May 14th) which, it was contended, annulled this authority. It was entitled, 'An act to provide for the sale of the marsh and tide lands of this State,' and contained but one section. This provided:
 1. That the sales of all marsh and tide lands belonging to the State, that had been made according to the provisions of any acts of the legislature providing for the sale of the 'swamp and overflowed lands,' were thereby ratified and confirmed.
 2. That any of said marsh and tide lands that remained unsold might be purchased under the provisions of the laws now in force providing for the sale of the swamp and overflowed lands, 'Provided no marsh or tide lands within five miles of the city of San Francisco or the city of Oakland, &c., shall be sold or purchased by authority of this act,' and Provided, further, that no sales of lands, either tide or marsh, which were thereby ratified and confirmed, within five miles of said cities, &c., shall be confirmed by this act, except alcalde grants.
 Judgment having gone for the defendant, the plaintiff brought the case here on error.
 Messrs. C. T. Botts and Gregory Yale, for the plaintiff; Messrs. Delos Lake, M. Blair, and T. A. Dick, contra.
 The argument on the part of the defendant was that this act restrained the power of sale of these marsh and tide lands, given by the act of the day preceding, so as to exempt those lying within five miles of the city, within which the locus in quo is situate.
 The argument on the part of the plaintiff, that the restriction was confined to sales made under the act itself—that is, the act containing the restriction—and that it did not interfere with or affect sales made under the act of May 13th.
 Mr. Justice NELSON delivered the opinion of the court.
 
 
 1
 What affords some plausibility to the argument, on the part of the plaintiff, is the peculiarity of the words of the proviso. The words are, 'provided, no marsh or tide lands located within five miles of the city, &c., shall be sold or purchased by authority of this act.' This purchase, as appears from the certificate, was made in 1864, under the act of May 13th, 1861, and hence was not within any restriction, as none existed in that act. The point is a nice one, but, we are inclined to think, not substantial. It will be observed that the act of May 14th does not profess to confer any authority of itself to sell or to purchase the marsh and tide lands, but provides that any remaining unsold may be purchased under the provisions of the laws now in force that is, under the act of May 13th. It incorporates, by the reference, that act into its own provisions as the authority for future sales, and when the restriction is limited to sales or purchases made by authority of this act, it necessarily embraces sales and purchases under the act of May 13th, that being the act to which reference is made, and where the authority may be found. This construction, which conforms to the fair and reasonable import of the terms of the act, makes the two statutes sensible and consistent, and avoids the absurdity which must otherwise be imputed to the legislature of passing two acts, in two consecutive days, each containing an independent authority for the sale and purchase of these marsh and tide lands—one with the five miles restriction, and the other without it.
 
 
 2
 It may be said that the clause authorizing the sales of these lands in the act of May 14th, in terms, refers only to laws then in force, providing for the sales of swamp and overflowed lands, and hence that the reference is to the act of April 21st, 1858. But the answer is, that the act of May 13th provides for the sales of lands of this class, and then, by the 27th section, enacts that the provisions of the act should apply to salt-marsh or tide lands the same as to those of swamp and overflowed. This section incorporated these marsh and tide lands into the several provisions of the act of May 13th, putting them on the same footing as the other class, and hence the reference in the act of May 14th fairly embraced them. But, independently of this view, as the act of May 13th provided for the sales of swamp and overflowed lands, the reference, by its terms, is as applicable to that act as to the act of 1858.
 
 
 3
 The intent of the legislature to prohibit these sales within the five miles is apparent from another provision of the act of May 14th, for while it confirmed those that had been made under some misconstruction of previous laws, it excepted those made within the five miles, save only alcalde grants.
 
 
 4
 There is another act of the legislature quite as decisive against the title of the plaintiff as the one we have examined, and less involved, passed April 27th, 1863. This act provides for the sales of swamp and overflowed marsh and tide lands belonging to the State. It fixes the price and time of credit given to the purchaser, prescribes the oath to be taken by him on the application, and the duties of the county surveyor in making the location, also of the surveyor-general and register of the land office. The act provides, also, for certificates of purchase and the issuing of the patents; and section 30 declares: 'This act shall not apply to the marsh and tide lands upon the city front, and within five miles of the city and county of San Francisco,' &c. And section 31 provides that 'all acts and parts of acts in conflict with the provisions of this act are hereby repealed.'
 
 
 5
 This act adopts a general system for the sale of certain specified classes of the public lands, and, among others, marsh and tide lands, and, as we have seen, repeals in express terms all previous laws inconsistent or in conflict with it. And, of course, if any previous law existed authorizing a sale of these lands within five miles of the city of San Francisco, which the 30th section of this act prohibits, it must be regarded as repealed.
 
 
 6
 We need only add, the sale of the lot in question was made after the passage of this act. There being no authority to sell the land in question or issue the certificate, it follows that the plaintiff is without title, and the court below was right in giving judgment for the defendant.
 
 
 7
 JUDGMENT AFFIRMED.
 
 
 8
 Mr. Justice FIELD did not sit in the case, or take any part in its decision.